1   Jennifer Kramer, SBN 203385
    Email: jennifer@employmentattorneyla.com
2   Adrian Hernandez, SBN 325532
    Email:  adrian@employmentattorneyla.com
3   HENNIG KRAMER RUIZ & SINGH, LLP
4   3600 Wilshire Blvd., Suite 3600
    Los Angeles, CA 90010
5   Telephone: (213) 310-8301

6
    Attorneys for Plaintiff
7   *JOSHUA WATSON*

8                  **UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 10  JOSHUA WATSON, an individual, and on behalf of others similarly situated, | Case No.: 2:21-cv-01303-MCE-AC |
| 12                  Plaintiffs, | **FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:** |
| 13        vs. | |
| 14  DOT TRANSPORTATION, INC., a Delaware Corporation; DOT FOODS, INC., an Illinois Corporation; and DOES 1 through 50, Inclusive, | **1. UNPAID WAGES AND COMPENSATION** |
| | **2. FAILURE TO PROVIDE  LAWFUL MEAL PERIODS** |
| 17                  Defendants. | **3. FAILURE TO PROVIDE  LAWFUL REST PERIODS** |
| | **4. FAILURE TO REIMBURSE EXPENSES** |
| | **5. FAILURE TO PROVIDE  ACCURATE ITEMIZED WAGE STATEMENTS** |
| | **6. FAILURE TO PAY ALL  WAGES UPON SEPARATION** |
| | **7. UNFAIR COMPETITION** |
| | **8. REMEDIES UNDER THE PRIVATE ATTORNEY GENERAL ACT** |
| | **DEMAND FOR JURY TRIAL** |

26         Plaintiff, JOSHUA WATSON, (hereinafter referred to as "Plaintiff"), hereby submits his
27  First Amended Complaint against Defendants DOT TRANSPORTATION, INC., a Delaware
28  Corporation; DOT FOODS, INC., an Illinois Corporation; and DOES 1 through 50 (hereinafter
collectively referred to as "Defendants") on behalf of himself, and the class of others similarly

situated, as follows:

## INTRODUCTION

**1.** This class action is within the Court's jurisdiction under Cal. Labor Code, Cal. Business and Professions Code § 17200, et seq., (Unfair Practices Act) and Industrial Welfare Commission ("IWC") Wage Order No. 9.

**2.** This complaint challenges systemic illegal employment practices resulting in violations of the Cal. Labor Code, Business and Professions Code and applicable IWC Wage Order No. 9 against employees of Defendants.

**3.** Plaintiff is informed and believes and based thereon alleges Defendants, joint and severally, have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all lawful wages, gratuities, and meal and rest periods.

**4.** Plaintiff is informed and believes and based thereon alleges Defendants have engaged in, among other things a system of willful violations of the Cal. Labor Code, Business and Professions Code and IWC Wage Order No. 9 by creating and maintaining policies, practices and customs that knowingly deny employees lawful wages, reimbursement for expenses, and meal and rest breaks. The policies, practices and customs of defendants described above and below have resulted in unjust enrichment of Defendants and an unfair business advantage over businesses that routinely adhere to the strictures of the Cal. Labor Code, Business and Professions Code and IWC Wage Order No. 9.

## JURISDICTION AND VENUE

**5.** The Court has jurisdiction over the violations of the Cal. Labor Code, Cal. Business and Professions Code § 17200, et seq., (Unfair Practices Act) and IWC Wage Order No. 9.

**6.** Venue is proper because alleged wrongs occurred in Sacramento, Stanislaus, Kern, Los Angeles, and Riverside Counties. Defendants are located within California and Sacramento, Stanislaus, Kern, Los Angeles, and Riverside Counties. Plaintiff worked for Defendants in Sacramento, Stanislaus, Kern, Los Angeles, and Riverside Counties. Events that are the subject of this action took place in Sacramento, Stanislaus, Kern, Los Angeles, and Riverside Counties.

**FIRST AMENDED CLASS ACTION COMPLAINT**

## PARTIES

**7.** Plaintiff JOSHUA WATSON resides in the State of California. Between approximately September 15, 2013 and January 18, 2021, Plaintiff was employed and worked as a truck driver for Defendants.

**8.** Plaintiff and Class Members were the victim of the policies, practices and customs of Defendants complained of in this action in ways that have deprived them of their rights guaranteed to them by Cal. Labor Code, Cal. Business and Professions Code § 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission. Defendants employed Plaintiff at all times relevant to this complaint in Los Angeles County.

**9.** Defendant DOT TRANSPORTATION, INC. is doing business in the County of Stanislaus, State of California at 2200 Nickerson Drive, Modesto, CA 95358.

**10.** Defendant DOT FOODS, INC. is doing business in the County of Stanislaus, State of California at 2200 Nickerson Drive, Modesto, CA 95358.

**11.** Plaintiff is informed and believes and based thereon alleges that at all times herein mentioned Defendants and DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California. Defendants own and operate transportation businesses located in California. As such, and based upon all the facts and circumstances incident to Defendants' business in California, Defendants are subject to Cal. Labor Code, Cal. Business and Professions Code § 17200, et seq., (Unfair Practices Act) and IWC Wage Order No. 9.

**12.** Plaintiff does not know the true names or capacities, whether individual, partner or corporate, of the Defendants sued herein as DOES 1 through 50, inclusive, and for that reason, said Defendants are sued under such fictitious names, and Plaintiff prays leave to amend this complaint when the true names and capacities are known. Plaintiff is informed and believes and based thereon alleges that each of said fictitious Defendants was responsible in some way for the matters alleged herein and proximately caused Plaintiff and members of the class to be subject to

the illegal employment practices, wrongs and injuries complained of herein.

**13.**     Plaintiff is informed and believes and based thereon alleges that Defendants share common ownership and common management. Further, Plaintiff is informed and believes and based thereon alleges that Defendants are a single employer for purposes of liability because of interrelation of operations, common management, centralized control of labor relations, and common ownership or financial control. Plaintiff is informed and believes and based thereon alleges that there is such a unity of interest and ownership between Defendants that their separate personalities no longer exist, and that an inequitable result would follow if they were not all liable. Plaintiff is informed and believes and based thereon alleges that Defendants jointly employed them and the class members.

**14.**     At all times herein mentioned, each of said Defendants participated in the doing of the acts hereinafter alleged to have been done by the named Defendants; and furthermore, the Defendants, and each of them, were the agents, servants and employees of each of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

**15.**     Plaintiff is informed and believes and based thereon alleges that at all times material hereto, each of the Defendants named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-Defendants and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain Defendants, each of the remaining Defendants confirmed and ratified said acts, conduct, and omissions of the acting Defendant.

**16.**     At all times herein mentioned, Defendants, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

**17.**     At all times herein mentioned, the acts and omissions of various Defendants, and each of them, concurred and contributed to the various acts and omissions of each and all of the

**FIRST AMENDED CLASS ACTION COMPLAINT**

1    other Defendants in proximately causing the injuries and damages as herein alleged.

2    **18.**    At all times herein mentioned, Defendants, and each of them, ratified each and

3    every act or omission complained of herein. At all times herein mentioned, the Defendants, and

4    each of them, aided and abetted the acts and omissions of each and all of the other Defendants in

5    proximately causing the damages as herein alleged.

6    ## CLASS ACTION ALLEGATIONS

7    **19.**    **Definition:** The named individual Plaintiff brings this action on behalf of

8    themselves and the class pursuant to Cal. Code of Civil Procedure § 382 and is consistent with

9    Fed. R. Civ. P. Rules 23(a), (b)(1), (b)(2), and (b)(3). The class is defined as: "All current and

10   former truck drivers who were employed by any Defendant within the last four years up to the

11   time that class certification is granted."

12   **20.**    **Numerosity:** The members of the class are so numerous that joinder of all

13   members would be impractical, if not impossible. The identity of the members of the class is

14   readily ascertainable by review of Defendants' records. Plaintiff is informed and believes and

15   based thereon alleges that: (a) class members were not provided with lawful meal breaks; (b)

16   class members were not authorized and permitted to take lawful rest breaks; (c) class members

17   were not paid for all hours worked; and (d) class members were not reimbursed for work-related

18   expenses.

19
20   **21.**    **Adequacy of Representation**: The named Plaintiff is fully prepared to take all

21   necessary steps to represent fairly and adequately the interests of the class defined above.

22   Plaintiff's attorneys are ready, willing and able to fully and adequately represent the class and

23   individual Plaintiff.

24   **22.**    Defendants uniformly administered a company policy, practice and/or custom

25   concerning staffing levels, duties, responsibilities of the class members that caused (a) class

26   members not to be provided with lawful meal breaks; (b) class members not to be authorized and

27   permitted to take lawful rest breaks; (c) class members not to be paid for all hours worked; and

28   (d) class members not to be reimbursed for work-related expenses. Plaintiff is informed and

**FIRST AMENDED CLASS ACTION COMPLAINT**

believes and based thereon alleges this conduct is accomplished with the advance knowledge and designed intent to willfully withhold appropriate wages for work performed by class members.

**23.** **Common Question of Law and Fact:** There are predominant common questions of law and fact and a community of interest amongst Plaintiff and the claims of the class concerning whether: (a) class members were provided with lawful meal breaks; (b) class members were authorized and permitted to take lawful rest breaks; (c) class members were paid for all hours worked; and (d) class members were reimbursed for work-related expenses. Defendants' employment policies and practices wrongfully and illegally failed to compensate Plaintiff and the other members of the class as required by California law.

**24.** **Typicality:** The claims of Plaintiff are typical of the claims of all members of the class. Plaintiff is a member of the class and has suffered the alleged violations of the Cal. Labor Code and California Industrial Welfare Commission wage orders, described herein.

**25.** The Cal. Labor Code and Wage Order provisions upon which Plaintiff bases his claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

**26.** The nature of this action and the format of laws available to Plaintiff and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate Defendants would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual plaintiff with their vastly superior financial and legal resources. Requiring each class member to pursue an individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at

**FIRST AMENDED CLASS ACTION COMPLAINT**

subsequent employment.

27.    The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of: (a) inconsistent or varying adjudications with respect to individual class members against the Defendants and which would establish potentially incompatible standards of conduct for the Defendants, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

28.    Proof of a common business practice or factual pattern, of which the named Plaintiff experienced, are representative and will establish the right of each of the members of the plaintiff class to recovery on the causes of action alleged herein.

29.    The plaintiff class is commonly entitled to a specific fund with respect to the compensation illegally and unfairly retained by Defendants. The plaintiff class is commonly entitled to restitution of those funds being improperly withheld by Defendants. This action is brought for the benefit of the entire class and will result in the creation of a common fund.

## FACTUAL ALLEGATIONS RELEVANT TO CAUSES OF ACTION

30.    Defendants are a commercial trucking company.  Defendant DOT Transportation Company operates a fleet of trucks operating out of California distribution centers in Sacramento, Modesto, Bakersfield, Los Angeles, and Eastvale.  Defendant DOT Foods, Inc. act as a food redistributor, with a food distribution center in Modesto, California.

31.    Plaintiff and Class Members were engaged by Defendants as truck drivers.

32.    At times during the relevant time period, Defendants paid truck drivers by the mile and at other times by the hour.  At all times, Defendants have failed to compensate truck drivers for all hours worked including: layover time, waiting time, pre-trip time, post-trip time, and stand-by time.  For example, Defendants do not allow drivers to leave their trucks during

layover time.

**33.** Truck drivers are required to use their personal cell phones consistently during their shifts but are only reimbursed for a fraction of the actual cost of maintaining a cell phone.

**34.** Local truck drivers were instructed to take breaks but then the workloads assigned by Defendants and policies against leaving their trucks made it not possible to take lawful breaks.

## FIRST CAUSE OF ACTION

### BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CLASS FOR FAILURE TO PAY WAGES AND COMPENSATION

#### (Against All Defendants)

**35.** Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**36.** Defendants failed to pay Plaintiff and Class Members minimum wages for all hours worked. Cal. Labor Code § 1194 entitles employees to recover unpaid minimum wages. Labor Code § 1194.2 entitles employees to recover liquidated damages in an equal amount.

**37.** This cause of action is brought pursuant to Cal. Labor Code § 200 *et seq*., which provides that employees are entitled to wages and compensation for work performed, and provides a private right of action for failure to pay wages and compensation for said work performed. Cal. Labor Code § 1194 entitles a plaintiff to recover unpaid wages. Cal. Labor Code § 1194.2 entitles a plaintiff to recover liquidated damages in an equal amount for unpaid minimum wages. Cal. Labor Code § 558.1 provides for a private right of action against persons who act on behalf of an employer who violate or cause the employer to violate Cal. Labor Code §§ 203 and 1194.

**38.** Such a pattern, practice and uniform administration of corporate policy regarding illegal employee compensation as described herein is unlawful and creates an entitlement to recovery by Plaintiff in a civil action, for the unpaid balance of the full amount of straight time compensation and minimum wage owing, including interest thereon, penalties, reasonable

attorney's fees, and costs of suit according to the mandate of Cal. Labor Code §1194, et seq.

39.    Defendants' willful failure to provide Plaintiff and Class Members the wages due and owing them upon separation from employment results in a continued payment of wages up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and Class Members who have separated from employment are entitled to compensation pursuant to Cal. Labor Code § 203.

40.    Defendants' wrongful and illegal conduct in failing provide class members with minimum and overtime wage payments in accordance with Cal. Labor Code § 1194 and IWC Wage Order No. 9 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the Defendants will continue to violate these California laws, represented by labor statutes and  wage orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law.  Plaintiff has no other adequate remedy at law to ensure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## SECOND CAUSE OF ACTION

## BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CLASS FOR FAILURE TO PROVIDE MEAL BREAKS IN VIOLATION OF LABOR CODE § 226.7

### (Against All Defendants)

41.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

42.    Plaintiff and class members regularly worked in excess of five (5) hours per workday and accordingly had a right to take a 30-minute meal period each day worked in excess of five (5) hours. As such, Defendants are responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7 and IWC Wage Order No. 9, § 11(B). Defendants shall pay each affected employee one (1) hour of pay at the employee's regular rate

of compensation for each workday that the meal break was not provided.

**43.** Defendants failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Cal. Labor Code § 226.7 and IWC Wage Order No. 9, § 11(B).

**44.** Cal. Labor Code § 558.1 provides for a private right of action against persons who act on behalf of an employer who violate or cause the employer to violate Cal. Labor Code § 226.7.

**45.** Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Cal. Labor Code § 226.7 and IWC Wage Order No. 9, § 11(B).

**46.** Defendants' wrongful and illegal conduct in failing provide class members with the opportunity to take meal breaks and to provide premium compensation in accordance with Cal. Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9, § 11(B) despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the Defendants will continue to violate these California laws, represented by labor statutes and wage orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to ensure future compliance with the California labor laws and wage orders alleged to have been violated herein.

### THIRD CAUSE OF ACTION

### BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CLASS FOR DENIAL OF LAWFUL REST BREAKS IN VIOLATION OF LABOR CODE §§ 226.7
### (Against All Defendants)

**47.** Plaintiff re-alleges and incorporates by reference each and every allegation set

forth in the preceding paragraphs.

**48.** Defendants failed to authorize and permit Plaintiff and class members to take legally mandated rest breaks. As such, Defendants are responsible for paying premium compensation for missed rest periods pursuant to Cal. Labor Code § 226.7 and IWC Wage Order No. 9, § 12(B). Defendants shall pay each affected employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest break was not provided.

**49.** Plaintiff and class members regularly worked in excess of three and half (3 ½) hours per day. Defendants' policies and practices prevented Plaintiff and class members from enjoying their right to a ten (10) minute rest period in the middle of each four (4) hour work period.

**50.** Defendants failed to pay employees who were not provided the opportunity to take rest breaks the premium compensation set out in Cal. Labor Code § 226.7 and IWC Wage Order No. 9, Order § 12(B).

**51.** Cal. Labor Code § 558.1 provides for a private right of action against persons who act on behalf of an employer who violate or cause the employer to violate Cal. Labor Code § 226.7.

**52.** Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the Plaintiff and the class identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Cal. Labor Code § 226.7 and IWC Wage Order No. 9, § 12(B).

**53.** Defendants' wrongful and illegal conduct in failing provide class members with the opportunity to take rest breaks and to provide premium compensation in accordance with Cal. Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9, § 12(B) despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to Plaintiff and all members of the class in that the Defendants will continue to violate these California laws, represented by labor statutes and IWC wage orders, unless specifically ordered to comply with same. This expectation of future violations will

**FIRST AMENDED CLASS ACTION COMPLAINT**

require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law. Plaintiff has no other adequate remedy at law to ensure future compliance with the California labor laws and wage orders alleged to have been violated herein.

**FOURTH CAUSE OF ACTION**

**BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CLASS**

**FOR FAILURE TO REIMBURSE FOR WORK RELATED EXPENSES**

**(Against All Defendants)**

**54.**    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

**55.**    While acting on the direct instruction of Defendants and discharging their duties for Defendants, Class Members incurred work-related expenses, including use of personal cell phones.  Class Members necessarily incurred these substantial expenses and losses as a direct result of performing their job duties for Defendants.

**56.**    Defendants has failed to indemnify or fully reimburse Class Members for these expenditures, in violation of Cal. Labor Code § 2802.

**57.**    Cal. Labor Code § 558.1 provides for a private right of action against persons who act on behalf of an employer who violate or cause the employer to violate Cal. Labor Code § 2802.

**58.**    IWC wage order No. 9, § 9(B) requires that when tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer.  Defendants fail to provide and maintain tools and equipment required by the employer and those that are necessary to the performance of the job.

**59.**    As a direct and proximate result of Defendants conduct, Class Members suffered substantial losses according to proof, as well as pre-judgment interest, costs, and attorneys' fees for the prosecution of this action.

## FIFTH CAUSE OF ACTION

### BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CLASS

### FOR FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

#### (Against All Defendants)

60.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

61.     As a pattern and practice, Defendants failed to furnish Plaintiff and the Class Members, either semimonthly or at the time of each payment of wages, either as a detachable part of the check or separately, an accurate, itemized statement in writing showing gross wages earned, total hours worked, and the applicable hourly rates and corresponding number of hours worked by Plaintiff and the Class Members at each rate.

62.     Defendants willfully and intentionally failed to provide Plaintiff and the Class Members with accurate, itemized statements, to show on such itemized statements the proper total hours, including overtime hours, worked by Plaintiff and the Class Members in that it required or suffered them to work and failed to pay wages to them for all hours worked.

63.     Defendants willfully and intentionally failed to show accurate gross wages earned, total hours worked by Plaintiff and the Class Members, and all applicable hourly rates and the corresponding number of hours worked by Plaintiff and the Class Members at each rate.

64.     As such, Plaintiff and the Class Members are entitled to payment from Defendants of the greater of actual damages or $50 for the initial pay period in which the violation occurred and $100 for each subsequent violation, up to a maximum of $4000, pursuant to Cal. Labor Code § 226, as well as reasonable attorney's fees and costs of suit.

## SIXTH CAUSE OF ACTION

### BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CLASS

### FOR FAILURE TO PAY ALL WAGES UPON SEPARATION FROM EMPLOYMENT

#### (Against All Defendants)

65.     Plaintiff re-alleges and incorporates by reference each and every allegation set

forth in the preceding paragraphs.

66.     Pursuant to Cal. Labor Code § 201 *et seq.*, upon Plaintiff's and terminated members of the class' termination dates, Defendants were required to pay them all earned wages. At the time of Plaintiff's and terminated members of the class' termination dates, they had unpaid wages in the form of unpaid overtime compensation.  In violation of Cal. Labor Code § 201 *et seq.*, Defendants failed to pay Plaintiff and terminated members of the class any of the amounts of wages due and owing to them in amounts to be proven at trial, but in excess of the jurisdiction of this Court.

67.     Cal. Labor Code § 558.1 provides for a private right of action against persons who act on behalf of an employer who violate or cause the employer to violate Cal. Labor Code § 203.

68.     Plaintiff is informed and believes and based thereon alleges Defendants' failure to pay Plaintiff and terminated members of the class the wages due and owing them was willful and done with the wrongful and deliberate intention of injuring Plaintiff and terminated members of the class.

69.     Defendants' willful failure to pay Plaintiff and terminated members of the class the wages due and owing them constitutes as a penalty up to thirty (30) days from the time the wages were due.  Therefore, Plaintiff and terminated members of the class are entitled to penalties pursuant to Cal. Labor Code § 203.

## SEVENTH CAUSE OF ACTION

### BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CLASS

### FOR VIOLATIONS OF BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.

### (Against All Defendants)

70.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

71.     Defendants engage and continue to engage in unfair business practices in California by the following practices: (a) not paying wages for all hours worked; (b) not

reimbursing expenses; (c) not providing lawful meal breaks; and (d) not authorizing and permitting lawful rest breaks.

72.    Defendants' utilization of such unfair business practices constitutes unfair competition and provides an unfair advantage over Defendants' competitors.

73.    Plaintiff seeks, on his own behalf, on behalf of other members of the class similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by the Defendants by means of the unfair practices complained of herein.

74.    Plaintiff seeks on behalf of other members of the class similarly situated an injunction to prohibit Defendants from continuing to engage in the unfair business practices complained of herein.

75.    The restitution includes the equivalent of all unpaid premium compensation mandated by Cal. Labor Code § 226.7 and IWC Wage Order No. 9, § 11(B) and 12(B); all unpaid wages; and all work-related expenses.

76.    The acts complained of herein occurred within the last four years preceding the filing of the complaint in this action.

77.    Plaintiff  is informed and believes and based thereon alleges that at all times herein mentioned Defendants have engaged in unlawful, deceptive and unfair business practices, as proscribed by Cal. Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving Plaintiff and other members of the class the minimum working standards and conditions due to them under the California laws and Industrial Welfare Commission Wage Order as specifically described therein.

## EIGTH CAUSE OF ACTION

### BY PLAINTIFF ON BEHALF OF HIMSELF AND THE CLASS

### FOR REMEDIES UNDER THE PRIVATE ATTORNEY GENERAL ACT

### (Against All Defendants)

78.    Plaintiff re-alleges and incorporates by reference each and every allegation set

forth in the preceding paragraphs.

**79.** At all times herein mentioned, Labor Code § 2698 *et seq.,* "The Labor Code Private Attorney General Act" (hereinafter "PAGA"), was applicable to Plaintiff's employment by Defendants and provides that for any provision of law under the Labor Code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency ("LWDA") for violation of the Labor Code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee pursuant to procedures outlined in Labor Code § 2699.3.

**80.** Plaintiff has satisfied the jurisdictional prerequisites to the maintenance of this Cause of Action as more fully set out in Labor Code § 2699.3 in that on or about June 15, 2021, Plaintiff gave notice to the LWDA of Defendants' violations of the Labor Code and IWC Wage Order, including the facts and theories to support the alleged violation, and Plaintiff's intent to recover remedies based on the violation set forth herein. This same notice was served upon Defendants in this Action by certified mail on or about June 15, 2021. Attached as Exhibit A, and incorporated by reference, is a true and correct copy of Plaintiff's June 15, 2021 filing with the LWDA.

**81.** The LWDA provided no Notice within sixty-five (65) calendar days of the online filing date of the Notice that it intended to investigate the alleged violation. Plaintiff therefore satisfied the requirements of Labor Code § 2699.3 and may recover civil penalties, in addition to other remedies, for violations of Labor Code and IWC Wage Order.

**82.** Plaintiff seeks remedies for violations of the Labor Code §§ 203, 221, 225.5, 226, 226.3, 226.7, 226.8, 510, 512, 558, 558.1, 1174, 1193, 1194, 1194.2, 1197.1, 2802, 2804, and IWC Order No. 9 §§ 3, 4, 7, 9, 11, and 12, which are recoverable under Cal. Labor Code § 2699 et seq., on his own behalf and on behalf of all aggrieved employees.

**83.** Plaintiff will seek civil penalties under the PAGA pursuant to Labor Code § 558, which allows an award against "any employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours

and days of work in any order of the Industrial Welfare Commission…"  Plaintiff will seek remedies against the employers and those individuals responsible for causing violations Labor Code §§ 203, 221, 225.5, 226, 226.3, 226.7, 226.8, 510, 512, 558, 558.1, 1174, 1193, 1194, 1194.2, 1197.1, 2802, 2804, and IWC Order No. 9 §§ 3, 4, 7, 9, 11, and 12, which are recoverable under Labor Code § 2699 *et seq.*

84.    Pursuant to Labor Code § 2699(f) and (g), Plaintiff is entitled to recover civil penalties and wages, plus costs and attorney's fees, for violations of Labor Code and IWC Wage Order.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff on his own behalf and on the behalf of the members of the class, prays for judgment as follows:

1.  For an order certifying the proposed class;

2.  For consequential damages according to proof, including unpaid wages and misappropriated gratuities;

3.  For punitive damages according to proof;

4.  For liquidated damages according to proof pursuant to Cal. Labor Code § 1194.2.

5.  For waiting time wages according to proof pursuant to Cal. Labor Code § 203;

6.  For statutory penalties according to proof pursuant to Cal. Labor Code § 226;

7.  For reimbursement of all work-related expenses pursuant to Cal. Labor Code § 2802;

8.  For consequential damages according to proof as set forth in Cal. Labor Code § 226.7 and IWC Wage Order No. 9, § 11(B) related to meal breaks;

9.  That Defendants be ordered to show cause why they should not be enjoined and ordered to comply with the applicable Labor Code provisions and California Industrial Welfare Commission Wage Order related to providing lawful meal breaks for Defendants' employees related to same; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

10.  For consequential damages according to proof as set forth in Cal. Labor Code § 226.7

and IWC Wage Order No. 9, § 12(B) related to rest breaks;

11. That Defendants be ordered to show cause why they should not be enjoined and ordered to comply with IWC Wage Order No. 9 related to rest breaks; and for an order enjoining and restraining Defendants and their agents, servants and employees related thereto;

12. For restitution to Plaintiff and other similarly effected members of the class of all funds unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be violative of the mandate established by Cal. Business and Professions Code § 17200 et seq.;

13. For an injunction to prohibit Defendants to engage in the unfair business practices complained of herein;

14. For an injunction requiring Defendants to give notice to persons to whom restitution is owing of the means by which to file for restitution;

15. For actual damages or statutory penalties according to proof as set forth in Cal. Labor Code § 226 and IWC Wage Order No. 9, § 7(B) related to record keeping;

16. For remedies including civil and statutory penalties pursuant to California Labor Code §§ 203, 221, 225.5, 226, 226.3, 226.7, 226.8, 510, 512, 558, 558.1, 1174, 1193, 1194, 1194.2, 1197.1, 2802, 2804, and IWC Order No. 9 §§ 3, 4, 7, 9, 11, and 12, which are recoverable under California Labor Code § 2699 *et seq*., and other applicable statutes, interest thereon, and reasonable attorney's fees and costs;

17. For pre-judgment interest as allowed by Cal. Labor Code §§ 218.5, 1194, 2802, and Cal. Civil Code § 3287;

18. For reasonable attorney's fees, expenses and costs as provided by Labor Code §§ 218.5, 1194, 2802, 2699; and Civil Code § 1021.5; and,

19. For such other and further relief the court may deem just and proper.

**FIRST AMENDED CLASS ACTION COMPLAINT**

## <u>REQUEST FOR JURY TRIAL</u>

Plaintiff hereby requests a Trial by Jury.

**Dated: August 23, 2021**          **HENNIG KRAMER RUIZ & SINGH, LLP**


**By:** *Jennifer Kramer*
      **Jennifer Kramer**
      **Attorneys for Plaintiff**

**FIRST AMENDED CLASS ACTION COMPLAINT**

# Exhibit A



HENNIG KRAMER RUIZ & SINGH, LLP
3600 WILSHIRE BLVD., SUITE 1908
LOS ANGELES, CA 90010

June 15, 2021

**VIA ONLINE FILING SYSTEM**

Labor & Workforce Development Agency
Attn. PAGA Administrator
Department of Industrial Relations

     **RE:    DOT TRANSPORTATION / DOT FOODS**

     My office has been retained in connection with our client Joshua Watson's claims under the California Labor Code and IWC Wage Order No. 9.  The employer may be contacted directly at the following address (to whom a copy of this communication is being sent by certified mail):

     DOT FOODS, INC.
     c/o Matthew Hawkins
     1150 Ninth Street, Suite 1200
     Modesto, CA 95354

     DOT TRANSPORTATION, INC.
     c/o Neil Callahan
     1125 I Street, Suite 1
     Modesto, CA 95354

     By this notice, my client intends to seek remedies for violations of the Cal. Labor Code §§ 203, 221, 225.5, 226, 226.3, 226.7, 226.8, 510, 512, 558, 558.1, 1174, 1193, 1194, 1194.2, 1197.1, 2802, 2804, and IWC Order No. 9 §§ 3, 4, 7, 9, 11, and 12, which are recoverable under Cal. Labor Code § 2699 *et seq*., on his own behalf and on behalf of all aggrieved employees. This letter is sent in compliance with the reporting requirements of Cal. Labor Code § 2699.

     As used in this notice, "Aggrieved Employees" means employees working for DOT Foods, Inc. and/or DOT Transportation, Inc. ("Employer") during the relevant time period who were employed as truck drivers, as well as all other non-exempt, hourly-paid employees with similar titles or job duties.

     My client will seek remedies against the employer <u>and</u> those individuals responsible for causing violations of Cal. Labor Code §§ 558 and 2802, which are recoverable under Cal. Labor Code § 2699 *et seq*.  Cal. Labor Code § 2699(g)(1) allows employees to recover reasonable attorney's fees and costs when seeking penalties under this Act.  Therefore, my client seeks all applicable remedies related to these violations pursuant to the PAGA.

3600 WILSHIRE BLVD. SUITE 1908                  PHONE: (213) 310-8301
LOS ANGELES, CA 90010                    FAX: (213) 310-8302
**WWW.EMPLOYMENTATTORNEYLA.COM**

Notice to LWDA
June 15, 2021
Page 2 of 5

**Pursuant to Cal. Labor Code § 2699.3, the facts and theories to support the violations as follows:**

Employer owns and operates a trucking and distribution business operating throughout California with distribution centers located in Sacramento, Stanislaus, Kern, Los Angeles, and Riverside Counties. From about September 15, 2013 until January 18, 2021, our client (sometimes "Employee") worked as a truck driver for Employer.

**Cal. Labor Code §§ 558 and 2802 and IWC Wage Order No. 9, § 9**

During shifts, Employee and other Aggrieved Employees (sometimes collectively "Aggrieved Employees") were required to be continuously available to receive communications from either management, dispatch or from other from other drivers. To conduct communications, Employee and other Aggrieved Employees utilized their own personal cell phones.

Cal. Labor Code § 2802 requires an employer to indemnify an employee "for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties." This includes costs associated with the use of equipment and devices for work-related purposes.

Employer has violated section 2802 by failing to adequately reimburse Aggrieved Employees for costs incurred relating to the necessary use of Aggrieved Employees' and personal cell phone devices (including personal cell phone plans) required to work-related purposes. Employee and other employees were routinely required to use their personal cell phones and personal cell phone plans for work-related purposes but were not adequately reimbursed for these necessary expenditures.

Through § 558, liability can be attributed to employers and those causing violations of IWC Wage Order provisions. This includes Wage Order No. , § 9. IWC Wage Order No. 4, § 9(B) states: "When tools or equipment are required by the employer or are necessary to the performance of a job, such tools and equipment shall be provided and maintained by the employer, except that an employee whose wages are at least two (2) times the minimum wage provided herein may be required to provide and maintain hand tools and equipment customarily required by the trade or craft."

As described above, Employer has failed to provide and maintain the tools and equipment necessary for Employee and other Aggrieved Employees to perform their jobs, such as cellular phone service and the use of personal phones for work-related purposes. Communication devices and service are customarily provided and maintained by employers in the transportation industry, such as Employer.

Notice to LWDA
June 15, 2021
Page 3 of 5

In violation of Cal. Labor Code § 2802, throughout the employment of the Aggrieved Employees, Employer required Aggrieved Employee to utilize their personal cell phones and cell phone plans in the course of discharging their work-related duties. Employer was specifically aware that said employees were regularly and continuously using their personal cell phones and cell phone plans for work-related purposes, and Employer has failed to reimburse said employees for all necessary expenditures incurred by Aggrieved Employees for said expenses incurred in the direct consequence of the discharge of their duties in the course of their employment with Employer.

In violation of Cal. Labor Code § 558 and IWC Wage Order No. 9, § 9, Employer required Employee and other Aggrieved Employees to maintain communication devices, not customarily required of delivery drivers. Employer failed to provide the necessary communication plans and devices to facilitate internal company communications that were required in their employment. Employer has not provided to or maintained for Employee and other Aggrieved Employees equipment and tools required or necessary to perform their jobs.

**<u>Failure to Provide Lawful Meal/Rest breaks (Cal. Labor Code §§ 226.7, 512 and IWC Wage Order No. 9 §§ 11 and 12):</u>**

Based upon the daily work schedules of Aggrieved Employees (such as the number of delivery stops), staffing at Employer was woefully insufficient; and with one of the consequences being that Employer was unable to provide neither lawful meal breaks nor lawful rest breaks to aggrieved employees. Further, Employer requires its drivers to remain with their trucks.

Even besides the realities of their daily schedules, Aggrieved Employees, were required to keep their communication devices "ON" at all times and were furthermore responsible to be available for and be able to respond to work-related communications at all times over the course of their shifts.

**<u>Failure to pay wages required for either all "hours worked" or for overtime (Cal. Labor Code §§ 203, 510, 1193, 1194 and IWC Wage Order No. 5 § 3)</u>**

Notwithstanding that Aggrieved Employs were unable to take 30-minute meal breaks, as a matter of routine, Employer required that employees required meal breaks, and incorrectly indicating that said employee having taken a meal break.

As a matter of pattern and practice, Aggrieved Employees were required to check their personal cell phones during their non-work hours to check for work-related communications. Aggrieved Employees were regularly receiving messages that they needed to review, both before clocking-in and after clocking-out each workday, and also during their days off, and also during their after-work hours at home.

At times during the relevant time period, Employer paid truck drivers by the mile and at other times by the hour.  At all times, Employer have to compensate truck drivers for all hours

Notice to LWDA
June 15, 2021
Page 4 of 5

worked including: layover time, waiting time, pre-trip time, post-trip time, and stand-by time. For example, Employer does not allow drivers to leave their trucks during layover time.

**Failure to Provide Accurate, Itemized Wage Statements (Cal. Labor Code §§ 226, 226.3, 1174 and IWC Wage Order No. 9 § 7)**

Given the circumstances described above, Employer fails to provide accurate, itemized wage statements to aggrieved employees.

**Cal. Labor Code § 225.5:**

Every person who unlawfully withholds wages due any employee in violation of Section 221 is subject to a civil penalty.

**Cal. Labor Code § 558:**

Through § 558, liability can be attributed to Employer and those causing violations of Cal. Labor Code §§ 500-556 ("a section of this chapter") and IWC Wage Order provisions. This includes overtime pay (Wage Order No. 9, § 3), meal breaks (Wage Order No. 9, § 11), minimum wage (Wage Order No. 9, § 4), record keeping requirements (Wage Order No. 9, § 7), and rest periods (Wage Order No. 9, § 12).

**Cal. Labor Code § 558.1:**

Through § 558.1, liability can be attributed to Employer and those causing violations of Cal. Labor Code §§ 203, 226, 226.7, 1193, 1194 and 2802.

**Cal. Labor Code § 1197.1:**

Through § 1197.1, liability can be attributed to Employer and those causing an employee to be paid less than minimum wage.

**Conclusion**

This notice shall further represent Mr. Watson's reasonable attempt to settle his dispute with Employer prior to litigation. Pursuant to *Graham v. Daimler Chrysler Corp.* (2004) 34 Cal. 4th 553, this notice serves to apprise Employer of Mr. Watson's aforementioned grievances, and the proposed remedies as detailed below, while affording Employer reasonable opportunity to meet Mr. Watson's demands. Demand is hereby made that Employer shall agree, in writing received at this office no later than 30 calendar days from the postmark date of this notice, as follows:

1. Employer shall compensate and reimburse Mr. Watson and all other all Aggrieved Employees for the above-referenced violations.

2. Employer shall comply with all California labor laws and ensure that all employees are reimbursed for all necessary expenditures incurred in the direct consequence of the

Notice to LWDA
June 15, 2021
Page 5 of 5

discharge of their duties such as the use of personal cell phones, including personal cell phone plans, for work-related purposes.

3.  Employer shall comply with all California labor laws regarding the recording of accurate hours worked and for compensation for all hours worked.

4.  Employer shall comply with all California labor laws regarding the providing of meal and rest breaks, including allowing for off duty meal and rest breaks.

5.  Employer shall conduct a scientifically valid survey of all Aggrieved Employees to obtain information from them regarding the violations outlined herein, with the investigation to be completed within 60 days.

6.  Employer shall compensate and reimburse Mr. Watson and all other all Aggrieved Employees for the above-referenced violations after completion of the survey.

7.  Employer shall pay accrued interest to all Aggrieved Employees at the rate of ten percent per annum for said unreimbursed expenses and wages.

Thank you for your attention to this matter.  Please contact me if you have any questions.

**Sincerely,**

**HENNIG KRAMER RUIZ & SINGH, LLP**

*Jennifer Kramer*

**By:** _____

**Jennifer Kramer**