David Mara (SBN 230498)
Matthew Crawford (SBN 310230)
**MARA LAW FIRM, PC**
2650 Camino Del Rio N., Suite 302
San Diego, CA 92108
Telephone:  619 234 2833
Facsimile:   619 234 4048
Email:        dmara@maralawfirm.com
                   mcrawford@maralawfirm.com

Jennifer Kramer, SBN 203385
Email: jennifer@employmentattorneyla.com
**HENNIG KRAMER RUIZ & SINGH, LLP**
3600 Wilshire Blvd., Suite 3600
Los Angeles, CA 90010
Telephone: (213) 310-8301

Attorneys for Plaintiffs JOSHUA WATSON and
ROBERT MARK-WATERHOUSE.

Tyler M. Paetkau (Bar No. 146305)
tyler.paetkau@huschblackwell.com
Olga Savage (Bar No. 252009)
olga.savage@huschblackwell.com
**HUSCH BLACKWELL LLP**
1999 Harrison St., Suite 700
Oakland, CA 94612
Telephone: 510.768.0650
Facsimile: 510.768.0651

Attorneys for Defendants DOT TRANSPORTATION, INC.
and DOT FOODS, INC.

## UNITED STATES DISTRICT COURT

### FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA WATSON and ROBERT MARK-WATERHOUSE, individuals, and on behalf of others similarly situated, <br><br>             Plaintiffs, <br>    vs. <br><br> DOT TRANSPORTATION, INC., a Delaware Corporation; DOT FOODS, INC., an Illinois Corporation; and DOES 1 through 50, Inclusive, <br><br>           Defendants. | Case No.: 2:21-cv-01303-MCE-AC <br><br> **JOINT STIPULATION TO CONTINUE ALL DISCOVERY DEADLINES.** <br><br> Judge:        Hon. Morrison C. England, Jr <br> Courtroom:    7 <br><br> [Complaint Filed: June 15, 2021] |

This Joint Stipulation to Continue All Discovery Deadlines is entered into between Plaintiffs Joshua Watson and Robert Mark-Waterhouse, on the one hand, and DOT TRANSPORTATION, INC. and DOT FOODS, INC., on the other hand (collectively, the "Parties"), by and through their counsel for record, with respect to the following facts:

## RECITALS

1.  This is the fourth stipulation the parties are submitting to continue discovery deadlines.

2.  On about January 26, 2022, Plaintiff Watson noticed the Rule 30(b)(6) depositions of Dot Foods, Inc. (Person Most Qualified) and Dot Transportation, Inc. (Person Most Qualified).  Plaintiff Watson also propounded the following written discovery on Defendant Dot Transportation, Inc.: Plaintiff Joshua's Watson's Request for Production of Documents (Set One) to Defendant Dot Transportation, Inc. and Plaintiff Joshua's Watson's Interrogatories (Set One) to Defendant Dot Transportation, Inc.

3.  On about January 27, 2022, Plaintiff Watson propounded the following discovery on Defendant Dot Foods, Inc.: Plaintiff Joshua Watson's Request for Production of Documents (Set One) to Defendant Dot Foods, Inc. and Plaintiff Joshua Watson's Interrogatories (Set One) to Defendant Dot Foods, Inc.

4.  After agreed-upon extensions of their response deadlines, Defendants provided written responses and a document production.

5.  On about June, 1, 2022, Plaintiff Watson emailed Defendants to meet and confer regarding a proposed notice procedure for putative class members under *Belaire-West Landscape, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2007), to be administered by a third-party administrator.

6.  On or about July 2022, this case transferred from Defendants' counsel Tyler Paetkau and Olga Savage's former firm, Procopio, Cory, Hargreaves & Savitch LLP, to their current firm, Husch Blackwell, LLP.

7.  On about July 28, 2022, the Parties met and conferred to discuss outstanding

discovery matters, as well as the Parties' first stipulation to revise this Court's scheduling order. The Parties agreed that, in light of the state of the discovery and the transfer of the case, additional time was needed for both Parties to complete pre-certification and merits discovery. The parties continued to meet and confer regarding the proposed stipulation to extend discovery deadlines and filed their first Stipulation to Extend the Discovery Deadlines on August 12, 2022. The Court approved the Stipulation on August 22, 2022.

8.  Between approximately August 18, 2022 and October 2022, the Parties met and conferred regarding the terms of the *Belaire West* Notice Procedure.

9.  On or about October 12, 2022, Plaintiff's counsel contacted the agreed-upon third-party administrator CPT Group to initiate the *Belaire West* Notice procedure pending approval of the Stipulation and Order by this Court. On October 18, 2022, the Parties' filed the Stipulation and Proposed Order Regarding the *Belaire West* Notice Process and the *Belaire West* Notice and Postcard. The Stipulation and Proposed Order was approved by this Court on October 24, 2022.

10. As to Plaintiff Watson's January 26, 2022 Rule 30(b)(6) deposition notices, Defendants provided dates of availability for these depositions on or about November 23, 2022. The dates provided were in January of 2023.

11. On December 2, 2022, Defendants provided the putative class list with contact information to CPT. On December 6, 2022, CPT Group completed the mailing of *Belaire* Notice and Postcard. On January 12, 2023, CPT Group provided the list of non-respondents to counsel pursuant to *Belaire West*.

12. On December 12, 2022, Defendants served their Request for Production of Documents, Set One, to Plaintiff Watson. On December 13, 2022, Plaintiff Watson served on Defendants Plaintiff's Request for Production of Documents (Set Two) and Plaintiff's Interrogatories (Set Two), along with Plaintiff's Amended Rule 30(b)(6) Deposition Notices. After mutual extensions of time, the parties served their discovery responses on February 2, 2023.

13.    On January 17, 2023, Plaintiff Watson took the Rule 30(b)(6) deposition of Defendant Dot Transportation Inc.'s designee as to Topics 2-10.  Between January and February 2023, the parties met and conferred regarding the availability of Defendants' designees as to Topic 1 of the Rule 30(b)(6) deposition.

14.    On February 21, 2023, Defendant provided dates for Defendants' Rule 30(b)(6) depositions as to Topic 1. On March 20, 2023, and March 28, 2023, Plaintiff Watson took the Rule 30(b)(6) depositions as to Topic 1 of Defendant Dot Foods Inc. and Dot Transportation, Inc., respectively.

15.    On April 14, 2023, Defendants took the deposition of Plaintiff Watson.

16.    Between May and June 2023, the Parties met and conferred regarding Defendants' discovery responses.  On June 5, 2023, the Parties agreed to a pause on formal discovery in order to set up a joint mediation in the *Watson* matter and *Mark-Waterhouse .v. Dot Transportation Inc., et al*., Case No. CV-22-004102 (Stanislaus County Superior Court).

17.    Between June 9, 2023, and July 31, 2023, the Parties in both the *Watson* and *Mark-Waterhouse* matters met and conferred regarding mediator selection and the Parties' availability for mediation. Joint mediation in both the *Watson* and *Mark-Waterhouse* matter was scheduled for December 5, 2023.

18.    Given the timing of discovery in this case, and the need to complete mediation on December 5, 2023, the Parties agreed to an additional Joint Stipulation to Continue Discovery Deadlines in the *Watson* matter, to allow the Parties sufficient time to prepare for mediation and if necessary, continue litigation.

19.    The joint mediation in both the *Watson* and *Mark-Waterhouse* matters did not result in settlement. As such, the Parties have continued to engage in litigation.

20.    A few weeks after the December 5, 2023 mediation, the Parties agreed to amending the *Watson* complaint to add Plaintiff Mark-Waterhouse and his counsel and agreed to stay the *Waterhouse* matter. On January 8, 2024, the *Waterhouse* matter was stayed.

21.    On January 10, 2024, Plaintiffs reached out to Defendants to continue their

discovery meet and confer efforts that were put on hold prior to the mediation. On January 11, 2024, Plaintiffs sent Defendants a proposed Second Amended Complaint. adding Plaintiff Mark-Waterhouse and his counsel, and a draft of the accompanying stipulation for leave to amend.

22.    On January 25, 2024, Defendants agreed to supplement their discovery responses and requested to set up a conference call to discuss a sampling of time and pay records.

23.    On February 13, 2024, the Parties held a conference call to meet and confer further in regard to the sampling of time and pay records. Plaintiffs conveyed a proposed sampling, and Defendants stated they would reach out to Plaintiffs again shortly to confirm.

24.    On March 1, 2024, Defendants reached out to Plaintiffs to confirm their agreement to the proposed sampling of time and pay records. Defendants also indicated that they were agreeable to the proposed Second Amended Complaint and accompanying stipulation for leave to amend, which Plaintiffs submitted for the Court's approval on March 8, 2024.

25.    On March 4, 2024, Plaintiffs reached out to Defendants to clarify when they would be supplementing and their discovery responses and providing the sampling of records as agreed upon by the Parties. On March 22, 2024, Defendants stated it would be providing the agreed upon supplemental discovery responses and sampling of records on or before May 31, 2024.

26.    At this juncture, Plaintiffs anticipate being able to file their forthcoming motion for class certification within sixty (60) days of receiving the supplemental discovery responses and sampling of records from Defendants.

27.    In light of Defendants' forthcoming supplemental responses and production of records, the Parties agreed to an extension of the current discovery deadlines, in accordance with the schedule set forth below. Plaintiffs believe the proposed extension will provide sufficient time for Plaintiffs to obtain and review these forthcoming supplemental responses and production of records needed for their

Motion of Class Certification. Defendants believe the proposed extension will provide sufficient time for Defendants to conduct the deposition of any other necessary witnesses, and to complete any written discovery.

### STIPULATION

In light of the foregoing facts, the Parties agree as follows:

1.   Defendants are to provide the agreed upon supplemental discovery responses and sampling of records by May 31, 2024.

2.   The fact discovery deadline should be continued until September 4, 2024.

3.   The expert witness disclosure deadline should be continued until November 4, 2024.

4.   The rebuttal expert witness disclosure deadline should be continued until December 4, 2024.

5.   If the parties do not intend to file dispositive motions, the deadline to file the Joint Notice of Trial Readiness should be continued until February 4, 2025, or else not later than thirty (30) days after receiving this Court's ruling on the last filed dispositive motion(s).

6.   The dispositive motion hearing deadline should be continued until March 4, 2025.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Respectfully submitted,

DATED: March 22, 2024                    **MARA LAW FIRM, PC**


By:     /s/ *Matthew Crawford*
        David Mara, Esq.
        Matthew Crawford, Esq.
        Attorneys for Plaintiffs

JOINT STIPULATION TO CONTINUE ALL DISCOVERY DEADLINES

1  DATED: March 22, 2024                    **HENNIG KRAMER RUIZ & SINGH, LLP**

2

3                                  By:    /s/ *Jennifer Kramer*_____
                                          Jennifer Kramer, Esq.
4                                          Attorneys for Plaintiffs

5

6  DATED: March 22, 2024                    **HUSCH BLACKWELL LLP**

7

8                                  By:    /s/ *Olga Savage*_____
                                          Tyler M. Paetkau, Esq.
9                                          Olga Savage, Esq.
                                          Attorneys for Defendants

10

11                          **<u>ATTESTATION</u>**

12      I, Matthew Crawford, attest pursuant that all signatories listed, and on whose behalf the

13  filing is submitted, concur in the filing's content and have authorized the filing.

14

15  DATED: March 22, 2024              By:    /s/ *Matthew Crawford*_____
                                          Matthew Crawford, Esq.
16                                          Attorneys for Plaintiffs

17

18                             **<u>ORDER</u>**

19      Having reviewed the above Stipulation and Proposed Order to Continue All Discovery

20  Deadlines, IT IS HEREBY ORDERED that the Court finds that good cause exists for the entry of

21  this Order.

22      IT IS SO ORDERED.

23  Dated:  April 1, 2024

24                                  _____

25                                  MORRISON C. ENGLAND, JR.
                                    SENIOR UNITED STATES DISTRICT JUDGE
26

27

28